## BROWN et al. v. DIXON et al.

No. 20777.   Opinion Filed March 22, 1932.

Charles A. Chandler and Elliot D. Turnage, for plaintiffs in error.

W. W. Pryor, W. N. Stokes, and G. O. Wallace, for defendants in error.

HEFNER, J. This is an action brought in the district court of Seminole county by Billie Brown and Robert Brown, incompetents, by their guardian, Charley Brown, against W. E. and J. L. Dixon, and others, to recover an undivided quarter interest each in 160 acres of land located in that county; and to cancel the deeds executed by them.

The petition is based on the theory that plaintiffs were mentally incompetent at the time they executed the deeds and that they received no consideration therefor. The trial was to the court and resulted in judgment in favor of defendants. Plaintiffs have appealed and assert that the judgment is contrary to the clear weight of the evidence.

The land in controversy originally constituted the allotment of Nancy McGilbry, a deceased Creek freedwoman. Plaintiffs claim title thereto through inheritance from the heirs of the original allottee. Each executed a deed to his interest in the land on May 2, 1904. Plaintiff Robert Brown conveyed his interest to W. E. Dixon, and Billie Brown conveyed his interest to J. L. Dixon. The allegation that plaintiffs received no consideration for the execution of the deeds was abandoned and the case has been presented on the theory that they were mentally incompetent to transact business and to comprehend and understand that they were executing deeds to their land.

Numerous lay witnesses testified that they were acquainted with and had known plaintiffs practically all of their lives; that they had the mentality of infants; were incompetent to conduct and carry on the simplest business transactions; were, in their opinion, without sufficient mental capacity to know and understand that they had conveyed their interest in the land. Dr. Griffin testified that the mentality of both plaintiffs was that of four or five year old infants and that their condition was due to lack of growth of the brain tissues.

Defendants offered numerous lay witnesses who testified that they had known plaintiffs a number of years; had frequent associations with them; that they had the mentality of the average adult freedmen; and that, in their opinion, they had intelligence sufficient to comprehend and know that they had deeded their interest in the land. The notary public, who was engaged in the private practice of law, testified that plaintiffs acknowledged their deeds to the land before him; that he was also personally acquainted with them and that they well knew at the time they executed the deeds that they were conveying their interests in the land.

The deeds, as before stated, were executed in 1904, and this action was not brought until 1929, and no attempt was made to adjudge plaintiffs incompetents until the latter part of the year 1928. The trial court, among others, made the following findings of fact:

"The court finds the facts to be that it has not been proven by the plaintiffs in this case that they were without capacity to understand the nature of the transaction at the time these two deeds were made, involved in this action. That there has been no attempt to show any fraud or lack of failure of consideration. That the plaintiffs take nothing by this action. * * *

"The court further finds that the said Robert Brown and Billie Brown are not non compos mentis and are not void of understanding, but at the time of the execution of said deeds the said Billie Brown and Robert Brown were capable of understanding the nature of their transaction and did understand the nature of the transaction, and that they were executing deeds and divesting themselves of the title to said property."

Without entering into a discussion of the evidence in detail, it is sufficient to say that we have thoroughly examined the same and have arrived at the conclusion that these findings are not against the clear weight thereof. This being true, under repeated holdings of this court, the judgment will not be disturbed on appeal because of the insufficiency of the evidence, and it is accordingly affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. McNEILL, J., absent.